**SANDERS LAW, PLLC**
Craig B. Sanders, Esq. (284397)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Telephone: (516) 203-7600
Facsimile: (516) 281-7601
csanders@sanderslawpllc.com
*Attorneys for Plaintiffs*
File No.: 109165

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FameFlynet, Inc. and BWP Media USA Inc. d/b/a Pacific Coast News, <br><br> Plaintiff, <br><br> vs. <br><br> Nice Kicks, LLC, <br><br> Defendant. | Docket No: <br><br> **COMPLAINT** |

FameFlynet, Inc. ("FameFlyNet") and BWP Media USA Inc. d/b/a Pacific Coast News ("BWP") (hereinafter collectively referred to as "*Plaintiffs*"), by and through its undersigned counsel, for their Complaint against Defendant Nice Kicks, LLC ("*Defendant*") states and alleges as follows:

## **INTRODUCTION**

1. This action seeks to recover for copyright infringement. Plaintiffs herein provide entertainment-related photojournalism goods and services and own the rights to photographs featuring celebrities which they license to online and print publications. Plaintiffs have obtained U.S. copyright registrations covering many of its photographs, and many others are the subject of pending copyright applications.

2. Defendant owns and operates a website known as www.nicekicks.com (the "*Website*") and, without permission or authorization from Plaintiff actively copied, stored,

1

modified, and/or displayed Plaintiff'ss photographs on the Websites without permission or authorization from Plaintiff and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

4. Additionally, this Court has subject matter jurisdiction over all of the photographs, inclusive of any unregistered images. *Reed Elsevier, Inc. v. Muchnick,* 559 U.S. 154, 130 S.Ct. 1237 (2010), *see e.g. Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1154 99th Cir. 2007); *Olan Mills, Inc. v. Linn Photo Co.,* 23 F.3d 1345, 1349 (8th Cir. 1994); *Pac. & S. Co., Inc., v. Duncan,* 744 F.2d 1490, 1499 n. 17 (11th Cic. 1984).

5. This Court has personal jurisdiction over Nice Kicks, LLC because Nice Kicks, LLC registered to do business in California, and thus, has consented to personal jurisdiction in California.

6. Venue is proper under 28 U.S.C. §1391(a)(2) because Nice Kicks, LLC does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## PARTIES

I. **Plaintiff**

7. FameFlyNet is a California Corporation and maintains its principal place of business in Los Angeles County, California.

8. BWP is a Delaware Corporation and maintains its principal place of business in Los Angeles County, California.

II. **Defendant**

9. On information and belief, Defendant Nice Kicks, LLC, is a Texas Limited Liability Company with a principal place of business in Travis County, Texas and is liable and responsible to Plaintiff based on the facts herein alleged.

10. The Website is popular and lucrative enterprises that purposefully display celebrity and/or news photographs, including Plaintiffs' copyrighted photographs.

11. The Website is monetized in that they contain paid advertisements and/or sell merchandise to the public and, on information and belief, Defendant profits from these activities.

12. Without permission or authorization from Plaintiffs, Defendant volitionally selected, copied, modified, stored and/or displayed Plaintiffs' copyright protected photographs (hereinafter collectively referred to as "*Photographs*"), as set forth in Exhibit "1" which is annexed hereto and incorporated in its entirety herein, on the Website.

13. On information and belief, the Photographs were copied, modified, stored and/or displayed without license or permission, thereby infringing on their copyrights (hereinafter collectively referred to as the "*Infringements*").

14. As is set forth more fully in Exhibit "1", each listed Infringement contains the URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific item of infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 (9th Cir. 2007).

15. Each listed infringement in "Exhibit 1" is an exact copy of Plaintiffs' original image that was directly copied and stored by Defendant on the Website.

16. Each infringement listed in "Exhibit 1" constitutes a separate and distinct act of infringement by Defendant.

17. On information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and displaying Plaintiffs' Photographs.

18. 17 U.S.C. §512, also known as the Digital Millennium Copyright Act ("DMCA") provides a defense against an infringement that is "by reason of the storage at the direction of a user." The applicable legislative history provides that "[i]nformation that resides on the system or network operated by or for the service provider through its own acts or decisions and not at the direction of a user does not fall within the liability limitation of subsection (c)." *See* S.Rep. No. 105−190, at 43 (1998).

19. Defendant's conduct is not safe harbored by DMCA, in that, on information and belief, Defendant has failed to register with the United States Copyright Office pursuant to 17 U.S.C. §512.

20. On information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

21. On information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States Copyright Laws.

22. Additionally, on information and belief, Defendant, with "red flag" knowledge of the infringements, failed to promptly remove same (*see 17 U.S.C. §512(c)(1)(A)(i)*) as evidenced by the following:

  (a) Defendant's employees and agents created, authored, posted, participated in and/or commented on "threads," articles or postings including those featuring Plaintiff's copyright-protected Photographs;

  (b) Defendant's employees and agents actively reviewed, monitored, commented on, deleted and "cleaned" postings, articles and threads similar to and including those featuring Plaintiff's copyright-protected Photographs;

  (c) Many of the Photographs are readily identifiable as copyright-protected as they contain a copyright watermark on the image, thereby making Defendant's infringement willful as a matter of law.

23. Further, Defendant has the legal right and practicable ability to control and limit the infringing activities on its Websites and regularly exercised and/or had the ability to exercise such right, which, on information and belief, is evidenced by the following:

  (a) Defendant's employees and agents had complete control over and actively reviewed and monitored the content posted on the Website.

  (b) Defendant admits that it monitors the content on the Website.

  (c) Defendant's employees and agents actively review, modify and delete or "cleaned" postings, articles and threads on the Website.

24. On information and belief, Defendant has received a financial benefit directly attributable to the Infringements. Specifically, by way of the Infringements, the Website had increased traffic to the and, in turn, realized an increase their advertising revenues and/or merchandise sales. *17 U.S.C. §512(c)(1)(B).*

25. On information and belief, a large number of people has viewed the unlawful copies of the Photographs on the Website.

26. On information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiffs' copyrighted material.

27. As a result of Defendant's misconduct, Plaintiffs have been substantially harmed.

## FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

28. Plaintiffs repeat and incorporate by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

29. The Photographs are original, creative works in which Plaintiffs own valid copyright properly registered with the United States Copyright Office.

30. Plaintiffs have not licensed Defendant the right to use the Photographs in any manner, nor have Plaintiffs assigned any of their exclusive rights in the Copyrights to Defendant.

31. Without permission or authorization from Plaintiffs and in willful violation of their rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiffs thereby violating one of Plaintiffs' exclusive rights in its copyrights.

32. Defendant's reproduction of the Photographs and display of the Photographs on the Websites constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

33. On information and belief, thousands upon thousands of people has viewed the unlawful copies of the Photographs on the Website.

34. As a direct and proximate result of Defendant's misconduct, Plaintiffs have been substantially harmed and should be awarded statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement in an amount to be proven at trial.

## SECOND COUNT
### *(Vicarious Copyright Infringement)*

35. Plaintiffs repeat and incorporate, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

36. At all material times hereto, on information and belief, Defendant had the legal right and practicable ability to supervise, control, limit, and stop the infringing conduct of its employees, agents and members, and yet, Defendant declined to exercise such right and ability in the instant case.

37. For example, on information and belief, Defendant had the practicable ability to police the images on the Website when its employees and agents edited, modified and/or interacted with the Photographs and, therefore, had the right and ability to supervise and control the infringing Photographs..

38. As a direct and proximate result of Defendant's refusal to exercise its right to stop or limit the infringing conduct, on information and belief, Defendant's members have continued to infringe upon Plaintiff's Photographs, which, in turn, generates profits for Defendant directly from the use of the Infringements.

39. On information and belief, Defendant enjoyed a directed financial benefit from the infringing activity of its members, employees and agents from, inter alia, advertising revenue derived from the increased traffic to its Website and from increase in fees paid by sponsors.

40. On information and belief, Defendant further enjoyed a directed financial benefit from using the "draw" of Plaintiff's Photographs to increase user traffic, thereby increasing advertising revenue, sponsorship fees, partnership opportunities, brand awareness, and its readership base.

41. Accordingly, Defendant is liable as a vicarious infringer since it profited from direct infringement while declining to exercise a right to stop or limit it. *See e.g.,* Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d. 1146, 1171 (9th Cir. 2007); *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 929-30 (2005).

42. As a direct and proximate result of Defendant's misconduct, Plaintiff has been substantially harmed and should be awarded statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement in an amount to be proven at trial.

## THIRD COUNT
### *(Injunction Pursuant to 17 U.S.C. §502)*

43. Plaintiffs repeat and incorporate, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

44. Plaintiff requests a permanent injunction pursuant to 17 U.S.C. §502(a) prohibiting Defendant from displaying the Infringements.

## FOURTH COUNT
### *(Attorney Fees and Costs Pursuant to 17 U.S.C. §505)*

45. Plaintiffs repeat and incorporate, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

46. Plaintiff requests, pursuant to 17 U.S.C. §505, their attorney fees and costs for the prosecution of this action.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

a. Statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per Infringement or, in the alternative, Plaintiff's actual damages and the disgorgement of Defendant's wrongful profits in an amount to be proven at trial; and

b. A permanent injunction against Defendant pursuant to 17 U.S.C. §502; and

c. Plaintiff's attorneys' fees pursuant to 17 U.S.C. §505; and

d. Plaintiff's costs; together with

e. Such other relief that the Court determines is just and proper.

1 | DATED: July 20, 2016

**SANDERS LAW, PLLC**

By: /s/ Craig B. Sanders
SANDERS LAW, PLLC
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 281-7601
csanders@sanderslawpllc.com

*Attorneys for Plaintiff*
File No.:109165